**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Billy Lee Lisenby, Jr., Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2013-000958

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2015-UP-235
Submitted February 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Billy Lee Lisenby, Jr., pro se.

Daniel John Crooks, III, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** In this inmate appeal, Billy Lee Lisenby, Jr., argues the administrative law court (ALC) erred in dismissing his appeal of his conviction for threatening a prison employee. The ALC dismissed the appeal because Lisenby failed to file a notice of appeal within thirty days. We affirm pursuant to Rule 220(b) and the following authorities: Rule 59, SCALCR ("The notice of appeal

from the final decision to be heard by the [ALC] shall be filed with the [c]ourt and a copy served on each party, including the agency, within thirty (30) days of receipt of the decision from which the appeal is taken."); Rule 53(A), SCALCR (defining the date of filing in an appeal from an inmate conviction as "the date of delivery or the date of mailing as shown by the postmark or by the date stamp affixed by the mail room at the appellant's correctional institution"); Rule 62, SCALCR ("[O]n its own motion, [the ALC] may dismiss an appeal or resolve the appeal adversely to the offending party for failure to comply with any of the rules of procedure for appeals, including the failure to comply with any of the time limits provided by this section . . . ."); *State v. Mitchell*, 330 S.C. 189, 194, 498 S.E.2d 642, 645 (1998) (stating the burden is on the appellant to provide a sufficient record for review).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.